

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5939 | **DATE** | 3/26/2002 |
| **CASE TITLE** | ABBOTT LABORATORIES, et al vs. BAXTER PHARMACEUTICAL PRODUCTS, INC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Baxter's motion to dismiss [38-1] is hereby granted. This case is hereby terminated. All other pending motions are stricken as moot. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 3/27/02 date docketed | 58 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 02 MAR 27 PM 12:14 | 3/26/2002 date mailed notice |
| CG | courtroom deputy's initials | FILED-ED 10 Date/time received in central Clerk's Office | CG mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABBOTT LABORATORIES and and CENTRAL GLASS COMPANY, LTD.<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER PHARMACEUTICAL PRODUCTS, INC. and BAXTER HEALTHCARE CORP.,<br><br>Defendants. | No. 00 C 5939<br><br>Judge Ronald A. Guzman<br><br>DOCKETED<br>MAR 2 7 2002 |

## MEMORANDUM OPINION AND ORDER

Pending is Baxter's motion to dismiss this action on the basis of mootness, or in the alternative, to consolidate it with Case No. 01 C 1867. For the reasons set forth below Baxter's motion to dismiss is hereby granted.

## BACKGROUND FACTS

This complaint, as well as two other lawsuits pending before this court, arise out of an Abbreviated New Drug Application ("ANDA") filed by defendant Baxter Pharmaceutical Products, Inc. and Baxter Healthcare Corp. ("Baxter") in June of 2000 seeking FDA approval to sell a generic type of sevoflurane in two containers–one made of polyethylene terephthalate ("PET") plastic and the other of aluminum. In response to Baxter's filing of its ANDA plaintiffs

Abbott Laboratories and Central Glass Company, Ltd. ("Abbott") filed three separate lawsuits alleging infringement under the 35 U.S.C. § 271(e)(2)(A).

The first lawsuit, No. 00 C 5939, alleges infringement by Baxter of Abbott's patent, U.S. Patent No. 5,990, 176 (the "'176 patent") in Count I. The product covered by the '176 patent is an anesthetic inhalant, which Abbott sells under the trademark Ultane®. This anesthetic inhalant, referred to as sevoflurane, is used in the induction and maintenance of general anesthesia in adult and pediatric patients. Abbott has been selling sevoflurane since 1995 when it received authorization from the FDA. In Count II Abbott alleges infringement of U.S. Patent No. 6,074,668 ("'668 Patent"). The '668 patent covers a container for the sevofurane which was constructed from the PET material. This container provides a barrier to vapor transmission through a wall of the container and is non-reactive with the sevoflurane.

The second lawsuit, Case No. 01 C 1867, alleges infringement based on Baxter's proposed sevoflurane in aluminum containers. Baxter's motion for summary judgment as to its noninfringement is pending before the court.

The third lawsuit, Case No. 01 C 4809, seeks confirmation of arbitration award rendered in Abbott's favor with respect to a licensing agreement dispute between Baxter over Baxter's proposed attempts to sell a generic sevoflurane once the FDA approves its ANDA. In this case the parties have cross moved for summary judgment asking that the arbitration award be confirmed and vacated respectively.

Baxter now moves to dismiss Abbott's complaint in the instant case because on October 2, 2001 Baxter withdrew from its ANDA submission sevoflurane in PET (or plastic bottle) type of containers. Baxter contends that Abbott's case is now moot because the PET containers are

no longer in issue. Abbott responds that this lawsuit is not moot because Baxter has not agreed to permanently abandon its PET application during the lives of Abbott's '176 patent and Abbott's 668 patent.

## DISCUSSION

We will dismiss Abbott's complaint only if it appears beyond doubt that Abbott cannot prove any set of facts that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Baxter argues that this case should be dismissed because the lawsuit now lacks an "actual controversy" in light of Baxter's amendment to its ANDA. Obviously, this argument fails in light of Abbott's allegations in Count I of its complaint which involve Baxter's alleged infringement of the '176 patent. Thus, a live controversy exists as to Count I but does it exist as to Count II?

The allegations stated in Count II no longer set forth a justiciable controversy for jurisdictional purposes. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F. 3d 1054, 1058 (Fed. Cir. 1995). In light of Baxter's withdrawal of the PET container from its Amended ANDA we find Abbott's alleged infringement of the '668 patent nonjusticiable. "Justiciability concerns not only the standing of litigants to asset particular claims, but also the appropriate timing of judicial intervention." *Renne v. Geary*, 501 U.S. 312, 320, 111 S. Ct. 2331, 115 L. Ed. 2d 288 (1991).

It is undisputed that Abbott has standing to pursue its claim of infringement under the '668 patent against Baxter but in light of the fact that the plastic bottles were withdrawn from Baxter's ANDA and the ANDA process itself we find that this claim is no longer ripe. The ANDA process provides that before Baxter can bring any new product to market, it needs FDA approval. In the unlikely event that Baxter did decide to seek FDA approval of its generic sevoflurane in a PET container that allegedly infringes the '668 patent, Abbott would have to file a new Paragraph IV certification, which would entitle Abbott to a new 30-month period in which to litigate the case, during which FDA approval would be stayed. As a result, any attempt by Baxter to re-file its application for approval of the product in the PET containers would only benefit Abbott by providing them with a new 30 month stay on the FDA approval of Baxter's product.

Furthermore, the potential injury Abbott alleges cannot be concluded to be immediate for purposes of standing in light of our decision in the arbitration case. Abbott's argument that it may suffer the same injury in the future is speculative at best. As we have already discussed, review of any other containers Baxter might try and use would need to be submitted to the FDA. Because both 01 CV 1867 and the present complaint contain identical Counts I and we have already granted summary judgment as to Count I in 01 CV 1867 we dismiss this case without prejudice as to Count II and with prejudice as to Count I. In light of this ruling Baxter's motion in the alternative to consolidate is denied.

## CONCLUSION

For the reasons set forth this case is dismissed without prejudice. This case is hereby terminated. All other pending motions are moot. This is a final and appealable order.

**So Ordered.**  Entered 3/26/02

*Ronald A. Guzman*
Ronald A. Guzman
**United States Judge**